OPINION OF THE COURT
Joseph Harris, J.
Motion to suppress a search of premises 109 Berkley Avenue, Cohoes, New York, and a seizure thereat of certain tangible property, namely, marihuana, said search and seizure being pursuant to a search warrant issued April 18, 1979, by Hon. Sholom Koplovitz, Cohoes Police Court Judge.
By agreement of all parties, a suppression hearing which was commenced has been discontinued and it has been agreed by all parties that this motion shall be determined solely upon the "four corners” of the search warrant application before Judge Koplovitz and the memorandum of Judge Koplovitz *527 with respect to the proceedings before him conducted at the time of such search warrant application. It has been stipulated by the People that the discussion between Judge Koplovitz and the two State Police officers, summarized in Judge Koplovitz’ memorandum was conducted without the administration of an oath to either of the officers participating in the discussion.
Motion to suppress is denied. Probable cause is fully established by information received by an informant to the effect that he had personally seen within the premises to be searched "a lot of marijuana in cardboard boxes.” The informant specifically described where in the premises he had seen same (namely, in a closet and in the living room). He stated further: "From looking at the boxes I think there was maybe 60-70 pounds of grass.” These observations were made either the night before the application for the search warrant or on the same day as the application. Thus, the information imparted by the informant was not stale. The informant further stated that he had personally obtained marihuana at the subject premises from defendant Guido, whose premises they were.
All of the above facts are contained in a written statement by the informant, which written statement was attached to the application for the search warrant as presented to the issuing Magistrate. Said statement acknowledges that the informant knew: "False statements made herein are punishable as a Class A Misdemeanor pursuant to Section 210.45 of the Penal Law.” The statement is witnessed by Trooper Liptak and Senior Investigator Weise.
The two-prong test of Aguilar v Texas (378 US 108) is fully satisfied. The basis of the informant’s knowledge was direct and personal observations by him of the facts reported, together with an admission of a personal purchase of marihuana by the informant from defendant Guido at the subject premises. Thus, the basis of the informant’s knowledge was not unsubstantiated and speculative hearsay.
The trustworthiness of the informant and his information is guaranteed by the fact that it is contained in a written statement that is either a sworn statement or the equivalent of a sworn statement. Not only does the informant acknowledge that he knows that if his statement is false he can go to jail for a year, but the statement further contains a declaration against the informant’s penal interest.
*528 There is no single mandatory way in which the reliability of an informant must be established. Upon the above facts, Judge Koplovitz clearly had the right to credit the information furnished him and to find, as he did, probable cause for the issuance of the warrant.
It would not have been necessary for him to go further and question the applicants as he did. The fact that he did, even though same was, under the circumstances, unnecessary, is to his credit. What he did, while perhaps not as effective as examining the applicants under oath, could serve only to enhance the already satisfactory level of probable cause existing, not to detract therefrom.
The above findings of fact and conclusions of law are made upon a preponderance of the evidence and further upon clear and convincing evidence.